REBECCA E. STANLEY, claimant, plaintiff in error, vs. WILLIAM B. S. GILMER, plaintiff in *fi. fa.*, and WILLIAM REID, surety and transferree of execution, defendants in error.

A trustee purchasing property in his own name, and paying for it with his own effects, holds it as his own, and it is subject to the payment of his debts, unless before a judgment lien attaches, it is transferred, *bona fide*, to his *cestui que trust*.

Claim, from Troup county. Tried before Judge BULL, at November Term, 1858.

The facts of this case are as follows:

William B. S. Gilmer recovered judgment against William L. Stanley, principal, and William Reid, security, for one hundred and seventy-three dollars and twenty-four cents, besides interest, upon which execution issued, dated 26th June, 1855. This execution was paid off in full by Reid, the security, on the 19th November, 1855, and afterwards, on the 24th of the same month, by order of Reid, was levied on a negro girl name Martha, eleven or twelve years old, as the property of William L. Stanley. Mrs. Rebecca E. Stanley, the wife of said William L., interposed a claim to said negro.

This claim was put in by William L. Stanley, the husband, as trustee of his wife. William L. Stanley in the meantime died.

Upon the trial of the issue, it was admitted by claimant, that the negro girl was in possession of William L. Stanley, at the time of the levy, and at the time of his death. It was also admitted that Doctor Carter, from whom the girl was purchased by Stanley, received from him, in part payment, an account which Stanley had against Carter—said account being equal in amount to the *fi. fa.*

Claimant then offered and read in evidence, a marriage settlement, executed in the year 1851, before marriage, between said William L. and herself, by which it was covenanted and agreed, that all the property and money that said Rebecca E. should receive from any source, should be her separate estate, and that said William L. should be trustee, with power of investing and reinvesting her funds for her use, and at his death the entire legal and equitable interest in said property and money, secured by said instrument, to be vested in said Rebecca E.

*Mrs. Nancey Bass*, the mother of Mrs. Stanley, proved, that the negro girl Martha was in her ninth year at the time Doctor Carter sold her; she was purchased from Dr. Carter; William L. Stanley purchased her with the money of Mrs. Rebecca E. Stanley; witness had a mortgage on the girl while

she belonged to Carter; after the sale to Stanley, witness being indebted to him by store account, her mortgage was settled and discharged in part with this account, and the balance by Stanley's note to witness; Stanley had money belonging to his wife, Rebecca E.; he took the bill of sale for the girl in his own name, "and in his account with the said Rebecca, he charged the amount of the purchase money to her—that is, he deducted it from the amount of her money which he had in his hands. It was understood at the time Stanley took the bill of sale in his own name, that the purchase was made for his wife, Rebecca E. Stanley, for she had a promise from Dr. Carter that she should have the refusal of said girl, and this is why Carter went to Stanley to sell said girl."

*Robert L. Bass*, brother · of claimant, proved, that he re-received money from his grand-father's estate for his sister; thinks it was about one thousand dollars; not more than one thousand, nor less than nine hundred; paid it over to her husband, William L. Stanley. Since the above answer, has found the receipts—one for two hundred and fifty dollars, dated 2d June, 1853, and the other for seven hundred and fifty dollars, dated 8th March 1852, both signed by William L. Stanley, received as his wife's legacy from her grandfather's estate. Stanley, so far as he knows, was a kind husband, but a drunkard, and worthless as to money matters; died insolvent, and this negro is all that is left of his sister's money, or of Stanley's estate, that he knows of; never saw bill of sale; do not know where it is; is Mrs. Stanley's brother; has not the bill of sale; it is not under his control, or in his possession; when Stanley died took charge of the negro.

The jury found the negro subject to the *fi. fa.*, and claimant moved for a new trial, on the grounds, that the verdict was contrary to law and evidence, and the charge of the Court.

The court overruled the motion for a new trial, and counsel for claimant excepted.

J. N. RAMSAY, represented by B. Y. MARTIN, for plaintiff in error.

B. H. HILL, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

The charge of the presiding Judge in the Court below, does not appear in the record. Hence, we cannot determine whether the verdict of the jury was contrary thereto. We do not think that the verdict was either against law, the evidence, or the weight of evidence. The title to the negro was the only matter in issue before the jury. If she was purchased and paid for by Stanley, the defendant in execution, she was subject to the judgment,unless, before the lien of the judgment attached to her, she became the property, *bona fide*, of Stanley, as the trustee of his wife. Stanley purchased the girl, and took the bill of sale in his own name. As far as there is any direct evidence of his paying for her, he paid in a store account against the person from whom he purchased, and in a mortgage which Mrs. Bass, Stanley's mother-in-law, held against Dr. Carter, who sold the negro, and which he, Stanley, purchased from Mrs. Bass with a store account which he held against her. These payments were made with the effects of Stanley. But it is testified that Stanley, in his account with his wife, charged the amount of the purchase money to her. There is no evidence as to the time at which the purchase money was charged to his wife's account, whether it was before or after the lien of the judgment had attached on the negro. Without such proof the evidence is against the claimant, and with it, whether the verdict is right depends on other matters which it is useless to consider. As the case stands, the evidence is decidedly with the verdict of the jury.

Judgment affirmed.